Thank you. Number 25, 5, 9, 1, a man for a Solomon and individual. I'm telling Chris terrorist community centers. It's Japanese. Mr. Bonnie for the, I believe. Good morning. Thank you. Excuse me. Thank you. Your honors. May it please the court. My name is Christina jump and I'm here today on behalf of appellant. Amen. Solomon. Mr. Solomon came to the United States to escape persecution as a journalist in Egypt and was granted asylum years ago and still retains that status. Nonetheless, due to problems that arose both during his travel and employment contexts, he believes himself to be on a government watch list. So, he utilized the freedom of information act and sought records from 2 government agencies. Only 1 responded, he made another request to the unresponsive agency, the TSC and again, heard nothing not until litigation began. Did the government claim that the FBI's responses to the request that it received directly. Also doubled as responses on behalf of the. The freedom of information, we have a rule against reading. So you need to just. Tell us about your case. Yes, your honor. The freedom of information act requires transparency. And Congress mandated that it follow your request sites. Not the not for the privacy. Why is that? Mr. 5, 5, 2. A is the privacy and that's the request. Why are you setting the privacy? I've grown for. I believe that that. Oh, your honor, I can confirm that, but I apologize if that was cited in error. There is a reference to the agency is designed as defined. In section 551 and then by 52, referring to a look at 37 for example. J76. Because your time is limited, so go on, you can check it. I'm just curious about why you citations to the wrong statute. Your honor, I do apologize if that's incorrect. I'd be glad to speak to that in more depth when I come back up on rebuttal and confirm that. Mr. Solomon did, however, properly issue requests under. The freedom of information act and the agent and the FBI responded regarding the freedom of information act to the request that were sent directly to it. By the time the 2nd or the 3rd request was denied. Set in July, I think of 2022. Your honor for the timeline, the, it was Angela. I mean, I, I remember the initial request. He was then under arrest. Correct. Uh, in July of 2024, he's never actually been arrested. He was detained by ice and it's asylum was revoked and then reinstated and then he wanted a case where he was released from prison and his asylum status was restored. Is that reinstated? Correct? Your honor? Fully reinstated appeal that ruling. No, your honor, the government did that. There was not a court mandated reinstatement. The government dropped its claims against Mr. Solomon in that context and reinstated his asylum. Okay. So there's no pending litigation involving him now. Not as soon as the sounds not as to his asylum status. Correct. 1 more question before you go on for each 1 of the request for your requests that you made. You received the response is that right? From the FBI? There is a separate set of requests made to the FBI and the FBI responded to the requests that were made to the FBI. What about the 3rd? 1? Did you get a response? Other than the 1 that says it's denied? So, your honor made the initial 2 responses to request simultaneously 1 to the FBI 1 to the TSC. The FBI responded don't response from the TSC. Mr. Solomon appealed the request that was made to the FBI and got a response to that made a 2nd request to the TSC. The FBI then stated that it was reopening. It's it's investigation, but. For each communication you had from the FBI. You were told that if you had any questions, you could get on the FBI's and they gave you the Internet site to track your requests for the, and also, if you still had a problem, they gave you a telephone number to call. Did you or anyone on behalf of Mr. Solomon ever get on that website to track the request? Your honor yes, we did track the request as to the responses from the FBI, but the FBI never once said that it was responding to the request that was sent either of the requests that were sent to the TSC. Is there any evidence regarding did you file an affidavit that you check the FBI website? There's an appeal made and there is correspondence that is in the record email correspondence that is in the record that. Shows that what was being checked as far as the progress of the FBI response to the FBI to the request made to the FBI. There is nothing that the FBI ever communicated that it was at any time responding on behalf of the TSC. Or, or to the request made to the if you were confused. If you didn't know what was happening, all we had to do was get on the website that the FBI provided. And if that didn't satisfy you, they gave you a telephone number to call. Your honor, there was absolutely communication with the FBI's FOIA office and that communication occurred throughout the. Filing of the request to the FBI, the appeal from the FBI, and then when the FBI stated that it was reopening its previous investigation, or its previous processing, and use the same code number that it had used for its original response to the request sent to the FBI, there was no reason to know on the 3rd request. Didn't it change from 000 to 001 to 001 that? Yes. And that, but it had the same control number and then dash 001, which appeared to be because it was reopened. There is no. It also be because it was the same individual making the request. There was no communication at any point and no, no reason to even suspect that this was on behalf of the TSC regarding a completely separate 1. that number had been in place since. The original request made in 2021 by Mr. Solomon to the FBI and the simultaneous 1 made to the TSC and then when in. Subsequently, a year later, there was a. Request made that is at 76, the 2nd TSC request. Uh, there is no new number issue cited CFR a number of times in your communication. I believe so, your honor off the top of my head. I'm not positive. The CFR has a list for the Department of justice. Of all the components that are responsible for responding to FOIA requests. Right, it's at the end of the part 16. Your honor, the definitive test is what I believe that there is a list that is contained in there. I do not believe that that's the ultimate test. TSC is not on that list. As a, as a component that responds to FOIA requests. The FBI is the FBI is considered a component. The FBI does respond to component lists. I mean, sorry to the FBI does respond to FOIA requests, but the ultimate test under the statute and under the circuit's authority is whether the entity exercises substantial independent authority. And that's to be determined by the court under FOIA, not because of a label that is given by a specific administration or because of any rulemaking by a particular agency. The test is whether there has been substantial independent authority exercised by the agency that or by the entity that receives the request for determining whether they're an agency under the in the context of the government has conceded that TSA or TSC is subject to FOIA. So the sushi case goes out the window because there's no dispute. That the TSC is subject to FOIA. The question is, which component is, are you entitled to get a response from and sushi doesn't deal with that at all at a minimum in the past when an agency responds and states, we have searched for another records or your request has been redirected to another entity, which is responding for that is plainly stated that did not happen here. So, as I mean, maybe what the solution is, is that if this is sent up back on remand and the, or reopened and the government responds, the FBI might respond. We are responding on behalf of the TSC because that has been rooted to us. They want to directly dispute that if it was, or they could list what was being specifically searched. And then we would get into the merits of whether the search was sufficient, because the FBI does not have the decision making authority that the TSC does. And so we'd want to know if the FBI had searched the TSC specific records, which is why there are 2 separate requests sent that may happen on remand and that we may end up ultimately. In the position that your honor is describing, but we aren't there yet, because there was no recognition given until litigation that any response by the FBI was to the requests sent to the TSC to either the 1st or the 2nd. A couple of questions I want to jump in here when you're saying that the FBI is making a representation, you're talking about a representation that TSC is a component of the FBI just generally as an agency. As opposed to a component of the FBI for purposes of FOIA. I use, I'm not saying, and I believe your honor, we have recognized that the FBI describes it as a component of the as a, as a sub component. The language that is actually on the website for the TSC is that it is administered by the FBI and we recognize the existence of that language. We do not find that to be definitive for FOIA purposes. That's what I was getting at that distinction that even if a sub component or component and administered by the FBI, there's a distinction between doing so for FOIA purpose. Correct your honor, there is definitely a distinction of doing so for FOIA purposes and then you also indicate that the FBI, even if it responded on behalf of TSC, doesn't make that clear that it's doing so for on behalf of TSC. Correct your honor, and it's specifically with the 2nd request sent to the TSC. There's a different timing. It was a different, it was, it was sent substantially separately, but then the FBI just said it was reopening its original request. There's nothing that indicates that it was responding to a new request received by the TSC. Do we have anything out there on any of the websites when they're supposed to administratively tell you how to request something on FOIA that says how to do so for TSC? No, your honor. Okay, so even if the FBI responded on behalf of TSC, you have them not saying that they did so, but then you also don't know if in fact they are taking the position that this would be for TSC. Correct your honor. TSC would accept the FBI's response as being on their behalf. Correct your honor, and then subsequent to that would be the question of what records, what search was done, what records were searched and whether they're sufficient. In fact, in the last response from the FBI, which was after it stated that it was reopening and did the dash zero zero one, it's its response to I'm sorry, it's response on appeal. It's response to the to the Mr. Solomon's appeal of the original response for the FBI. So the that is at J. A. 69 to 70. It refers to an FBI rap sheet saying, perhaps what you're really searching seeking is an FBI rap sheet. There's nothing in there referencing any search of FBI of TSC records of watch listing records, which is the substance of what was being sought from the TSC. And are you aware of in any other cases, whether the FBI has responded on behalf of TSC and then stated that it was doing? I am not aware of any other cases where it has responded on behalf of the TSC, whether it has stated so or not.  And then would you like to address footnote six and judge? Opinion? Yes, I would. Your honor. I can turn to that. Yes, your honor. I would be glad to address that. So what we referenced with the excerpts that we provided as attachments from that from that document were specifically listed as excerpts, not the full document. And then we also listed the full citation, the web citation of where where the entire document could be found the entire documents over 100 pages. So we did not we did not attach. Quite frankly, for the court's convenience, the entire document, we attach the pages to which we were citing and we were referencing. But again, we don't dispute that the language that the FBI uses, the language that is referenced or that is referenced on that page. And in fact, our briefing with the district court recognized that language and recognize the existence. As I said earlier, in response to your honor's question, we have recognized the language regarding the FBI, calling it a subcomponent of the FBI and the language that is on the website that that the TSC is administered by the FBI. And we don't challenge that. So I didn't there was no intentional omission. It specifically stated it was excerpts and not a complete exhibit and gave the the web address for the complete exhibit. It seems to me that likely maybe you can explain this, but the customary practice of agencies, including the FBI is to acknowledge receipt of a FOIA request. And if the first two requests that you put forward within a few days, you got an acknowledgement from the FBI. Right? I don't see an acknowledgement letter with respect to the third request you made. And I'm wondering whether that's just an oversight and whoever prepared the appendix or whether such a document such an acknowledgement exists. And it seems to me very, very odd that you would not get an acknowledgement from the FBI. Your honor, you are correct. There's no acknowledgement received to either of the 2 requests sent directly to the TSC subsequent to the 2nd request being sent to the TSC. The only communication from the FBI was that it was reopening its earlier response. That's a month later. Yes, your honor. That's correct. That's the only 1 and that again, it listed the same identification number, just 1 in stating that it was reopening. The original 1 did not state this is in response to a new request. Nothing, nothing ever came to Mr. Solomon or his representatives communicating that or that the FBI was responding to the request dated and the date of the 2nd request on behalf as set to the TSC and that it was redirected many times the FBI and other government agencies will state. We have redirected your request to this department to this agency. This is where the records are located. This is who's going to respond on behalf or the receiving agency. If it's going to be the 1 responding may say, we respond we have been this has been redirected to us. We have received this, which you originally sent wherever and it's the acknowledgement that traces what it's acknowledging. There is no record that says that that specifically references the 2nd request to the TSC or for that matter, the 1st request to the TSC with respect to watch list claims. Is there some general knowledge out there that that would go to the FBI or do you believe that that also can go to TSC? I believe that would go to TSC. I do not believe there is general knowledge or anything or any general acceptance that it would go to the FBI and this this circuit in the case recognized that the TSC is the sole entity that has the authority to remove a person's name from the watch list. The FBI does not have the authority to do that. The TSC does, I'm sorry, where do you get that from the case? And then also more recently in Mr. Solomon's case at the district court pending in front of judge, what does it mean for the FBI to be the supervising agency? I don't know that it is a supervising agency specifically your honor. So, when when the TSC was 1st created, it was, it had representatives from multiple agencies with the agreement, the cooperative agreement that the FBI would administer it. I don't believe what does administer mean? Good question. Yeah, I haven't seen a formal definition of that by the government supervising their lists. There is no oversight by the there's no final authority by the FBI of TSC decisions. The TSC is the sole decision maker as to the watch list, not the FBI. There's no trace. There's been no declaration. There's been no testimony in the record or authority provided, stating that the FBI has a right to oversee, change, veto, reject a decision made by the TSC regarding the watch list. We'll ask the government about that. Thank you. Your honor. I also would like to very briefly address the administrative exhaustion aspect and that when there is a failure to acknowledge or respond to a FOIA request submitted by an individual, then there is that is considered the individual's individual is considered by the statute to have administratively exhausted that is deemed to be administrative exhaustion. And are you saying that on behalf of FBI and TSC, the FBI responded to the request sent directly to the FBI? Okay, your honor. So you're, you're making that claim as to regarding the 2 requests sent to the TSC, which is yes, your honor. And so. Because there is no acknowledgement, there's no communication. There is no representation that any communication from the FBI was on behalf of the TSC or regarding the request sent to the TSC. There's no way for Mr. Solomon or his representatives to know that there is no communication to the T. S. from the TSC or directly referencing either of his requests sent to the TSC. And therefore there was nothing to appeal and there is nowhere to appeal it and that failure that failure to provide a response on behalf of the TSC deems Mr. Solomon to have administratively exhausted his to have exhausted his administrated the requirement of the administrative remedies, because the point of the purpose of the exhaustion is to. Prevent a premature intervention by the court of a fully developed administrative record. There was no administrative record because nobody ever responded. So, if the response you did finally get. In July of 2022 said that we have searched the TSC records. And we find nothing that we can disclose to you that would have satisfied you. We probably would have appealed, but we would have been on the right track. Your honor. Yes. Okay. All right, thank you. Thank you. Good morning, your honors may please the court. My name is a USA on behalf of the United States. Before today's panel is an appeal brought by I'm in Suleyman and as we now know, the sole, more or less the sole basis of the appeal is his argument that the TSC. Despite being a subcomponent of the FBI is an agency separate from the Bureau and is therefore and therefore had an independent duty to process for your requests that he submitted. Okay, go back to the subcomponent of FBI. Is that generally and then for purposes of for you, that's a whole different statement or or definition. Well, so what I was going to get to this, your honor, but even at the district court level, even as a district court acknowledged, even Suleyman's own submissions contained record evidence that the TSC was a part is a division of the national security branch of that. And if that's not disputed, is that a distinction with respect to for you? So, in terms of how, where TSC lies under the FOIA, the government would say that the, the, the FOIA mandates that government agencies set out regulations for how to process various FOIA requests and we don't have any for TSA TSC. Well, but TSC is a part of FBI and of pertinent regulations for the purposes of FOIA, but where's that stated? So that anybody who's actually asking for information from TSC would know how to appropriately address their FOIA requests. I would say that this is a public record. I mean, the TSC, where's the public record that says, if you want something from TSC, go to FBI. That's what I'm trying to get at. It's in the appendix to part 16 of CFR, of 28 CFR, part 16, appendix 1. That's correct, your honor. And I, and I do not on the FBI website or anything like that. Not that, not that it tells you, the appendix tells you which components you can file a FOIA request for. Well, so by process of elimination, the FBI is one of the components of the Department of Justice, even though they have a separate building, they're still part of the Department of Justice and they're a component. And so if something is not on there, then you can't file, you're not supposed to file a FOIA request with them, you know, with a subcomponent, you file it with the component. And that's correct, your honor, under CFR section 16.3, the Department of Justice lays out that FOIA requests are processed by the components of the Department of Justice. And if it's filed in the wrong place, the regulations say that it's the responsibility of the component to redirect it. That's correct, your honor. And as you rightly noted, under the appendix, it does lay out the various components of the Department of Justice. The TSC is not listed. I'm going to ask you a question before you get any further about the Seidel affidavit or declaration. It seems to me that there's something very, very critical that's missing from that declaration. And tell me if I'm misreading it. The thing that's missing is that with all the fandango and all this stuff about this is the way we process this and whatever, there's nothing in that affidavit that says the TSC records are part of the central record system of the FBI. There's nothing in there. And that's critical, it seems to me, because if the FBI searches only the central records system, which is what Seidel says, and the central record system doesn't contain anything from the TSC, then the response is incomplete. Well, your honor, my response to that would be on, I guess, there are technically two declarations. Let's deal with the declaration. Is my reading of that correct? I would say, I would point you to paragraph 16 of the declaration. Okay, what page is this? There's actually technically two. There's a supplemental declaration as well, but I'm looking at J, the joint appendix point, page 28. Hold on, let me look. Yeah, I'm looking now. Yeah, and there it does. And that's just one paragraph, but that paragraph does indicate that it does kind of describe what the CRS is and what it consists of. And the fact that it consists of records maintained by the FBI. It doesn't say that the TSC records are part of the central record system. That's my thing. Seems to me a huge gap. But, I mean, would that not be implied? I mean, I think it would be implied, your honor, that or understood, your honor, that if the FBI is maintaining its records within the CRS and the TSC is a part of FBI. If you're going to file a declaration in a case like this, dealing with the TSC, then it seems to me that the first order of business is to establish that the central record system, the FBI contains TSC records. It doesn't establish that. I mean, well, I guess I can also refer to the joint appendix at page 24, paragraph 6, where it does state that the TSC is a subcomponent of the FBI. And therefore, the request that Suleiman submitted was submitted to RIDS, the division in the FBI that processes these FOIA requests. And, of course, they processed the FOIA requests through searching the CRS. So, I think, I guess, perhaps, your honor, if you mean that the declaration could be clearer on this point, but the declaration does state that the TSC is a part of the FBI and that the CRS maintains certain categories of records, you know, subject to the FOIA housed within the FBI. Is there a document missing, as I asked this gentleman, acknowledging receipt of the third request? So, I think the, I don't know. What's in the deferred appendix is ultimately, we have a couple of pleadings here, and the exhibits were actually included with the Seidel declaration. So, I don't think there was a acknowledgement letter that was included. It was the request and then denial. That's correct, your honor. Right. And the denial had a different number than the original. That's correct, your honor. And so, if Ms. Jump was going to get on the FBI website to check the status, she wouldn't know what, she wouldn't know that there's a new number because the FBI never sent an acknowledgement of the FOIA request. Your honor, so about this, and I guess what we're getting to now is how Suleiman would have known that the letter that he received from the FBI was responsive to the requests directed to the TSC.  And I think what I would say, first of all, for example, there's the one request submitted in June of 2022, and I believe the response you're referring to, your honor, is the one that went out in July 2022. And that's located, I think, at Joint Appendix 80. And there's a couple of ways to look at that. First of all, what other requests would the FBI have been responding to besides the one that was submitted in June? There's no indication in the record that there was any other FOIA requests at issue. In light of the new information you provided. Oh, well, and that's correct, your honor, and the response does say that. And the only new information was a third FOIA request. And if Suleiman was dissatisfied with that response, the response did include instructions. Third FOIA request didn't contain any new information, all it did was contain more requests. And if Suleiman found that to be an inadequate response, there were instructions as to how Suleiman could have appealed, which Suleiman didn't. And my understanding of Suleiman's position is that he didn't feel he was required to appeal because, as far as he's concerned, TSC and FBI are separate entities and he didn't get his response from TSC. We've spent so much time on this case and all the briefing and the appendices and everything else. I just don't understand why the Department of Justice, when they got the complaint, just said, fine, take a letter or have the TSC director sign a letter saying that the FBI checked our files. That would end it. Perhaps, Your Honor, I think, I mean, perhaps that might have been a more efficient way of doing it, but I think, just given the fact that, I mean, it's not, this is not classified information, the fact that TSC is a part of the FBI, so it's kind of hard to, I mean, I don't know what's. Again, why isn't that a distinction that for purposes of FOIA, it's different? Because if the plaintiff has no information that you specifically say I'm responding on behalf of TSC, and there's no regulation out there that says you are responding on behalf of TSC for just a lay person to know that if you want something from TSC, you're going to address it to the FBI. Well, Your Honor, perhaps Suleiman could have been confused, but his FOIA request was submitted by his attorney, by appellate counsel, and there are both agencies, FBI and TSC, but nothing that directly came from FBI saying I'm taking over the request for TSC. And Your Honor, what I was going to get to is, I mean, well, for example, I just, as an example, I've been able to identify one other case in the district for Constitutional Law Center for Muslims in America versus again, terrorist screenings, the TSC, and that's docket number 22-3178. And in that case, the same argument is more or less being advanced that the TSC didn't respond to a request, even though, but the Bureau responded, but the TSC should have. And as far as I know, appellate counsel is also the lead attorney on that case, and the FOIA request, that's the subject of that case, was submitted to the TSC in January of 2022, according to the— But you see there being the distinction that if you're only asking a FOIA of TSC, and then the FBI happens to respond, then you would know clearly that it was a response on behalf of TSC, but when you're sending it to two separate entities, how do you know that the FBI is also responding on behalf of the other entity? And, Your Honor, I was going to get to that, because in the case that I just mentioned, one of the allegations—if you look at the complaint, the allegation is that the complaint was submitted to the TSC, the FBI accepted it, somebody signed off and accepted it from the FBI, and then the FBI, I think in the answer it says that they responded in February 14th, 2022, so at least the plaintiff in that case and appellate counsel in that case certainly knew that it was the FBI who accepted the FOIA request. And it was the FBI that processed the FOIA request. But did the FOIA request be certified mailed? In which case? In this case, I believe the TSC request was mailed to an FBI address. I don't know if it was certified mail off the top of my head, but I know it was sent to an FBI address. But you do concede that TSC is not listed in 16.3 CFR? TSC is not listed in that appendix. And then how do you construe the regulations requiring that it be public-facing about where you're—to file your request for TSC? The mere fact that the regulation is published, I mean, I think is public-facing enough. You submit FOIA requests— How is the layperson supposed to know that you—how to file FOIA requests for TSC? I mean, so FOIA requests—so how do you submit a— If you want to submit a FOIA request to TSC, how is the layperson supposed to know where to send that and who's going to respond? I think the layperson—I think where I would start, to the extent that I count as a layperson, is identify what part of the government that the TSC is housed in. A quick Google search should be sufficient, and you figure out that TSC is a part of the FBI. The regulations say only the FBI, or at least DOJ components, process FOIA requests. FBI is a component, and so you submit the FOIA requests to FBI. But what about if the website would say that TSC is a multi-agency center? Housed at—I mean, so there's multiple agencies involved in the administrative—involved in certain of its activities, but it's a part of the FBI. I guess that's what you would find if you did a Google search. So you would—perhaps you would submit the FOIA request to the FBI, or perhaps if you want to be extra careful, you submit the FOIA request to the FBI and the other agencies, but you don't submit the FOIA request to the TSC expecting the TSC to have some independent obligation to process your request, which is not consistent with applicable law or regulations. Before you sit down, do you agree that the TSC is not subject to—has the sole authority to maintain the terrorist lists or whatever it does that the FBI or the attorney general, for that matter, cannot overrule them? I couldn't say. It would be strange if the TSC was not subject to any kind of oversight by its parent agency or by the attorney general. I mean, it's in the DOJ. So I couldn't say much more about how— Is there any evidence or argument about that question? Not in this case, Your Honor. In the district court, I mean. Yeah, in the summary judgment briefing? No, I don't recall that that was the subject of any dispute. Thanks. Thank you. Thank you, Your Honors. And Judge Randolph, to answer your question, the requests that were made do contain the error with the A referencing the Privacy Act, but they also plainly state in the sentence and the text under the Freedom of Information Act that the request is being made. Under the Freedom of Information Act, to verify how that was sent. The statute cited the privacy. The statute citation has a typographical error in it, unfortunately. And I do thank you for bringing that to our attention. The text of the request states that it was being submitted under the Freedom of Information Act. I did want to address that. Well, I can distinguish, first of all, the case that my colleague across the aisle raised, which is the CLCMA reference. First of all, to clarify, that is my former employer. I'm no longer there. I am not lead counsel in that case. So I can't speak as to the current status of that case or recent briefing on that. I can say that I do know that the FBI in litigation, much like this, stated that it was responding on behalf of the TSC and not until litigation. But then during litigation, provided multiple responses and multiple document productions. They did occur during the course and after the statement. When you received the July 26, 22 letter from the FBI, it's a J80. And it says, please be advised, your request was reopened based on the additional information you provided. Yes, Your Honor. What did you, you didn't provide any additional information other than your new request to TSC. Correct, Your Honor. Is there anything else that you provided? No, Your Honor. So what did you make of that? Honestly, Your Honor, we presumed that the FBI had been simply reconsidering based on our prior appeal. There have been times before, though, not with that length of a delay, where if we have made an administrative appeal, the request will subsequently become open later. We assumed it was that. And then ultimately, that was closed with no further change. And since we had already done the administrative appeal on the request to the FBI, we saw no need to take any further action on the response from the FBI. That it was closing, it's reopening. When was the appeal denied? Let's see. Well, the letter closing it, I believe, was July 26, 22. And that is the JA 80 to 81. That's not the appeal. That's not the appeal. Oh, the appeal. I'm so sorry, Your Honor. The appeal was... May? That is JA 69 to 70, which, yes, I believe is May of 22. Actually, it was July 18. July 18, okay. Apologize, Your Honor, I didn't bring the record back up with me for a rebuttal, but I could grab it if you prefer. As this court has recognized the standard for whether an entity is considered an agency for FOIA purposes is a different analysis, and it requires a case-by-case evaluation as to whether or not the agency is considered as this court has recognized previously. An entity may qualify as an agency under FOIA, even if it is housed in another agency, and that's the American Civil Liberties Union versus DOJ, which is cited in our briefs and is at 655 F31. Under that authority that should have been clarified here, at a bare minimum, the TSC has failed to put forth that forward-facing information or to at any time communicate to Mr. Solomon or his representatives that its responses will be handled or routed to the FBI, and the FBI has not owned that. Both of the Seidel declarations lack any assertion that TSC and watch listing records, and specifically the terrorist screening data set, formerly known as the terrorist screening database, is housed within the records that the FBI searched. There's no representation of that. There's no speaking to that, specifically to the database or data set where Mr. Solomon's requested records would be. There has been no representation that that search occurred or that the FBI has access to it or that the FBI is anything more than a contributor to the TSC records. Therefore, for those reasons, we do ask that this court reverse and remand this case, and in addition, for the reasons stated on administrative exhaustion, we don't believe that there—we believe that Mr. Solomon did all that he could do when he did not receive a response at all, specifically on behalf of the TSC, and at a minimum, we'd ask that this be remanded for—so that the parties may provide briefing to the court and the court may make a specific consideration on that. I do thank you for your time today, Your Honors.
judges: Henderson; Childs; Randolph